PASSAIC COUNTY CIRCUIT COURT.

ABRAHAM APPEL, CLAIMANT, PLAINTIFF, v. PETER FLEUCHAUS, OWNER AND BUILDER, ET AL., DEFEND-ANTS.

For the plaintiff, *Feder & Rinzler.*

For the defendants, *Samuel Rosenfeld.*

PORTER, J. This is a suit on mechanics' lien and was referred to Louis A. Cowley, referee, by order dated December 1st, 1927. The master reported under date of January 25th, 1928, and his report duly confirmed by order of February 6th, 1928. Thereafter an application was made to set aside the judgment so entered on the ground that the defendant had not had notice of the hearing before the referee and had not appeared at hearing, and order was entered, dated April 3d, 1928, that the matter be opened so that the defendant could appear before the master and submit proofs and testimony and to cross-examine witnesses of the plaintiff.

Further hearing was had and report of the referee was filed, dated October 17th, 1928, which is now sought to be confirmed by the plaintiff, to which objection is made by the defendant on various grounds.

First, it is contended that no notice was given by the plaintiff of the filing of the report. There was a notice of some sort served and a hearing had and exceptions filed. I think that notice was sufficient to comply with the terms of the rule.

Second, that the referee had no jurisdiction because he failed to take an oath to faithfully and fairly hear and examine the cause, and so forth. The defendant cannot now be heard to complain in this regard, because he submitted himself to the jurisdiction and participated in the hearing, nor was the question raised when the matter was before the court after the first referee's report. Not having participated in that, the matter should then have been raised if the defendant wished relief on that ground.

The other grounds raised, three, four, five and six, are without merit. Three and four relate to questions of fact, which are solely within the province of the referee and not of the court.

Five and six relate to the referee's permitting the plaintiff to examine witnesses in the absence of the defendant or his counsel and refusing to later permit such witnesses to be recalled. Those matters were within the discretion of the referee and they do not justify the withholding of confirmation of the report. Especially is this true when it is realized from the proofs that there were extensive hearings and a number of witnesses examined, and that the master had ample opportunity, because of the various hearings held, to hear all of the testimony and to correctly arrive at the facts in controversy.

An order will be made confirming the report.